**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **SHAUN DEWAYNE TUCKER, and** | ) | |
| **JULIO CESAR PONCE,** | ) | |
| **Plaintiffs,[1]** | ) | |
| | ) | |
| **v.** | ) | **3:05-CV-1591-D** |
| | ) | |
| **DALLAS COUNTY SHERIFF'S** | ) | |
| **DEPARTMENT, et al.,** | ) | |
| **Defendants.** | ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the District Court in implementation thereof, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

Type of Case: This is an action brought pursuant to 42 U.S.C. § 1983.

Parties: At the time of filing this action, Plaintiff Shaun Dewayne Tucker was incarcerated at the Dallas County Jail. He presently resides in Irving, Texas. Defendant is the Dallas County Sheriff's Department, Detention Division. The Court has not issued process in this case.

---

[1]        Although this case has been docketed to show the participation of two plaintiffs (See Complaint at page 2 at Part IV.B. And Part V and VI of the complaint seeking relief on behalf of two persons) Julio Cesar Ponce did not sign the complaint and therefore failed to comply with Rule 11, Federal Rules of Civil Procedure. Accordingly only the allegations made by Shaun Dewayne Tucker, the pro se plaintiff who signed the complaint, are properly asserted in this action.

Statement of the Case:  The complaint alleges civil rights violations as a result of persistent discriminatory practices against homosexual inmates at the Dallas County Jail, and requests compensatory damages and injunctive/declaratory relief.

Findings and Conclusions:  Even liberally construing Tucker's *pro se* complaint, it is clear that his pleadings are insufficient to allege a federal claim.  Nonetheless, before deciding whether to issue a recommendation of dismissal pursuant to 28 U.S.C. § 1915A and/or 28 U.S.C. § 1915(e), the magistrate judge issued a questionnaire on October 18, 2005, to afford Tucker the opportunity to present the Court with sufficient facts to demonstrate the existence of a federal claim.  The Fifth Circuit Court of Appeals has approved the use of questionnaires as a proper method to develop the factual basis of a *pro se* complaint.  See Eason v. Thaler, 14 F.3d 8 (5th Cir. 1994) (requiring further development of insufficient factual allegations before dismissal under § 1915 is proper); Watson v. Ault, 525 F.2d 886, 892-93 (5th Cir. 1976) (affirming use of questionnaires as useful and proper means for court to develop factual basis of *pro se* plaintiff's complaint).  As of the date of this recommendation, Tucker has failed timely to respond to the Magistrate Judge's questionnaire.

Rule 41(b), of the Federal Rules of Civil Procedure, allows a court to dismiss an action *sua sponte* for failure to prosecute or for failure to comply with the federal rules or any court order.  Larson v. Scott, 157 F.3d 1030, 1031 (5th Cir. 1998).  "This authority [under Rule 41(b)] flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases."  Boudwin v. Graystone Ins. Co., Ltd., 756 F.2d 399, 401 (5th Cir. 1985) (citing Link v. Wabash R.R. Co., 370 U.S. 626, 82 S.Ct. 1386 (1962)).

Because Tucker has been given ample opportunity to submit his answers to the magistrate judge's questionnaire, but has failed or refused to do so, this action should be dismissed for want of prosecution.

RECOMMENDATION:

For the foregoing reasons, it is recommended that the complaint be dismissed without prejudice for want of prosecution with respect to Plaintiff Shaun Dewayne Tucker.  See Fed.  R. Civ. P. 41(b).

It is further recommended that any claims putatively asserted by Julio Cesar Ponce be dismissed without prejudice for failure to comply with Rule 11, Federal Rules of Civil Procedure.

A copy of this recommendation will be mailed to Plaintiff Shaun Dewayne Tucker, P.O. Box 167773, Irving, Texas 75016.

Signed this 29th day of November, 2005.

_____
WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE

NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation.  Pursuant to Douglass v. United Servs. Auto Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten-day period may bar a de novo determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.

3