IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| SHAUN DEWAYNE TUCKER, #05033954, ) | |
|       Plaintiff, ) | |
| ) | |
| v. ) | 3:05-CV-1591-D |
| ) | |
| DALLAS COUNTY SHERIFF, et al., ) | |
|       Defendants. ) | |

FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the District Court filed on December 5, 2005, this case has been re-referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

Type of Case: This is a civil rights complaint brought by a county inmate pursuant to 42 U.S.C. § 1983.

Parties: Plaintiff presently resides in Irving, Texas. At the time of filing this action he was incarcerated at the Dallas County Jail in Dallas, Texas. Defendants are the Dallas County Sheriff's Department Detention Division. The Court did not issue process in this case, pending preliminary screening. On October 18 and December 20, 2005, the Magistrate Judge issued two questionnaires to Plaintiff, who filed his answers thereto on November 19, 2005, and January 10, 2006, respectively. In answer to the first questionnaire, Plaintiff names Dallas County in lieu of the Dallas County Sheriff's Department.

Statement of Case: The complaint alleges civil rights violations as a result of persistent discriminatory practices against homosexual inmates at the Dallas County Jail. Plaintiff

requests compensatory damages.[1]

Findings and Conclusions:  The court has permitted Plaintiff to proceed *in forma pauperis*.  His complaint is, thus, subject to screening under 28 U.S.C. § 1915A, which imposes a screening responsibility on the district court.  Section 1915A reads in pertinent part as follows:

> The court shall review . . . as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity [and] [o]n review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."

28 U.S.C. § 1915A(a) and (b) (emphasis added).  See also 28 U.S.C. § 1915(e)(2)(B).

Both sections 1915A(b) and 1915(e)(2)(B) provide for *sua sponte* dismissal if the Court finds that the complaint is "frivolous" or that it "fails to state a claim upon which relief may be granted."  A complaint is frivolous, if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).

The Prisoner Litigation Reform Act (PLRA) of 1996 requires prisoners filing suit to demonstrate a physical injury to sustain a claim for damages.  See 42 U.S.C. § 1997e(e); Harper

---

[1] In addition to monetary damages, Plaintiff requests injunctive and declaratory relief.  Plaintiff's release from the Dallas County Jail renders his claims for declaratory and injunctive relief moot.  See Herman v. Holiday, 238 F.3d 660, 665 (5th Cir. 2001) (even if inmate was able to establish constitutional violation, his transfer to another prisoner rendered moot his claim for declaratory and injunctive relief) (citing Cooper v. Sheriff, Lubbock County, Tex., 929 F.2d 1078, 1084 (5th Cir. 1991)); Beck v. Lynaugh, 842 F.2d 759, 762 (5th Cir. 1988) (prisoners who were no longer in Retrieve Unit could not seek injunctive relief against conditions of confinement there).  Any suggestion of relief based on the possibility of a transfer back to the Dallas County Jail is too speculative to warrant relief.  See Herman, 238 F.3d at 665 (citing Bailey v. Southerland, 821 F.2d 277, 279 (5th Cir.1987)).

v. Showers, 174 F.3d 716, 719 n. 5 (5th Cir.1999).[2]

The only injury which Plaintiff suffered as a consequence of Defendant's discriminatory practices, harassment and verbal abuse was mental pain and suffering. (See Answer to Question 2). He concedes being afflicted with headaches during lock down when officers poured bleach in the showers without rinsing the bleach with water or properly removing fumes. (Id.). This condition, however, did not require medical attention. As a result, it does not surmount the *de minimus* hurdle of the PLRA. See Alexander v. Tippah County, Miss., 351 F.3d 626, 631 (5th Cir. 2003) (state prisoners, alleging Eighth Amendment violation arising out of their twenty-four hour placement in unsanitary isolation cell, could not recover for mental or emotional damages absent more than de minimis physical injury; only claimed injury, nausea suffered by one prisoner, was not severe enough to warrant medical attention).

In addition to headaches, Plaintiff complains of "vomiting and [being afflicted with] skin rashes from unsanitized showers." (Answer to Question 2). He also complains of cough and colds because of "constant exposure to bitter cold air," and of lower back pain caused by the uncomfortable bunks. (Id.). These symptoms are clearly related to general conditions of confinement, rather than to claims of discrimination, harassment and verbal abuse of gay inmates as alleged in the complaint. They are, thus, inapplicable to this case.

Because Plaintiff did not suffer any physical injury as a result of the alleged discrimination, harassment and verbal abuse, § 1997e(e) bars his request for monetary damages.

---

[2] Section 1997e(e) states: "No federal civil action may be brought by a prisoner....for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. §§ 1997e(e).

See Harper, 174 F.3d at 719.[3]

In addition to failing to meet the physical injury requirement, Plaintiff has not shown that he has exhausted his administrative remedies. While he acknowledges filing grievances raising the claims at issue in the complaint (see attachments to the complaint), he fails to provide any details as to the disposition and date of disposition of each grievance by the Inmate Grievance Board. (Answer to Question 6). He also fails to state whether he submitted a written appeal to the Inmate Grievance Appeal Board, and the disposition and date of disposition by the Inmate Grievance Appeal Board. (Id.).

Administrative exhaustion under 42 U.S.C. § 1997e(a) is mandatory. Porter v. Nussle, 534 U.S. 516, 524 (2002); Booth v. Churner, 532 U.S. 731, 741 (2001); Days v. Johnson, 322 F.3d 863, 866 (5th Cir.2003). Section 1997e(a) specifically provides:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a). The Fifth Circuit Court of Appeals has construed § 1997e(a) to require "that administrative remedies be exhausted *before* the filing of a § 1983 suit." Wendell v. Asher, 162 F.3d 887, 890 (5th Cir. 1998) (emphasis added).

Plaintiff has not raised any valid excuse for failing to exhaust his available administrative

---

[3] The prohibitive feature of § 1997e(e), requiring physical injury before recovery, does not apply in the context of requests for declaratory or injunctive relief sought to end an allegedly unconstitutional condition of confinement. See Harper, 174 F.3d at 719. Plaintiff, however, was released from confinement shortly after filing this action. As noted previously, his release from confinement renders his request for prospective injunctive relief moot. See Herman v. Holiday, 238 F.3d 660, 665 (5th Cir. 2001); Cooper v. Sheriff, Lubbock County, Tex., 929 F.2d 1078, 1084 (5th Cir. 1991); Beck v. Lynaugh, 842 F.2d 759, 762 (5th Cir. 1988).

remedies before filing the complaint in this case.  In light of the statutory mandate of § 1997e(a), the District Court should dismiss Plaintiff's complaint for failure to exhaust administrative remedies.

RECOMMENDATION:

For the forgoing reasons, it is recommended that the District Court dismiss Plaintiff's complaint with prejudice as frivolous, see 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i). Alternatively, the complaint should be dismissed for failure to exhaust administrative remedies. See 42 U.S.C. § 1997(e)(a).

A copy of this recommendation will be mailed to Plaintiff.

Signed this 24th day of January, 2006.

_____
WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE

NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation.  Pursuant to Douglass v. United Servs. Auto Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten-day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.